```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JULIO OTERO                                     CIVIL ACTION

VERSUS                                          NUMBER: 08-1674

MELVIN C. ZENO, JUDGE, ET AL.                   SECTION: "C"(5)
```

**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Julio Otero, has filed the above-captioned matter against defendants, Twenty-Fourth Judicial District Court Judge Melvin C. Zeno and Jefferson Parish Assistant District Attorney Vincent Paciera.

Plaintiff, an inmate in Dixon Correctional Institution, alleges that on August 8, 2007, he went to trial before Judge Melvin C. Zeno, with Assistant District Attorney Vincent Paciera serving as one of the prosecutors, on the charge of armed robbery. The State's witnesses in the case were Stacey Xedos, Errolyn Simpson, and Scott Grayson, all of whom were granted immunity in exchange for their testimony against plaintiff. Plaintiff, at the

conclusion of the trial, was found guilty and, on September 16, 2007, was sentenced to 40 years incarceration.  Thereafter, plaintiff states that he was brought back to Judge Zeno's court on charges of attempted armed robbery and attempted first degree murder and Assistant District Attorney Paciera approached him with a plea agreement pursuant to which he would plead guilty to the charges and would receive a sentence of 35 years.  When plaintiff refused to accept the plea agreement, Judge Zeno allegedly threatened to multiple bill him in connection with his earlier armed robbery conviction and sentence him to 198 years, then multiple bill him in connection with his pending charges and sentence him to life imprisonment.  Plaintiff asserts that Judge Zeno and Assistant District Attorney Paciera have formed a "conspiracy" to have him "falsely prosecuted for a crime he did not commit".  Plaintiff further alleges that Judge Zeno and Assistant District Attorney Paciera "are sabotaging and doctoring court procedures to protect the actual assailant in this matter ... Errolyn Simpson" who, according to plaintiff, is "sleeping with" both Judge Zeno and Assistant District Attorney Paciera.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement.  When a state prisoner attacks the

very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983.  <u>Caldwell v. Line</u>, 676 F.2d 494 (5th Cir. 1982); <u>Richardson v. Fleming</u>, 651 F.2d 366 (5th Cir. 1981); <u>Johnson v. Hardy</u>, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings.  <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S.Ct. 1827 (1973); <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 225 (5th Cir.), <u>cert</u>. <u>denied</u>, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion.  <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1088, 110 S.Ct. 1828 (1990); <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988).

     Plaintiff herein alleges that his present incarceration stems from a conspiracy between defendants, Judge Zeno and Assistant District Attorney Paciera, in order to protect the actual perpetrator, Errolyn Simpson, with whom both defendants are having an affair.  Such allegations clearly challenge the fact and

duration of his confinement, proper habeas corpus issues which cannot be addressed until plaintiff has exhausted available state court remedies with respect to such allegations.  McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986).  As plaintiff makes no showing of having done so, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint.  Both defendants, Judge Melvin Zeno and Assistant District Attorney Vincent Paciera, are entitled to absolute judicial and prosecutorial immunity here.  Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Beck v. Texas State Bd. Of Dental Examiners, 204 F.3d 629, 634 (5th Cir.), cert. denied, 531 U.S. 871, 121 S.Ct. 171 (2000).  Further, unless and until plaintiff is able to have his confinement invalidated by an appropriate state or federal tribunal, he has no §1983 cause of action for the improprieties of which he complains herein.  Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Accordingly;

**RECOMMENDATION**

It is hereby recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  2nd  day of      June      , 2008.

_____
UNITED STATES MAGISTRATE JUDGE